IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD SATISH EMRIT, Presidential Candidate Number P60005535, Presidential Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America, <br><br> Plaintiff, <br><br> v. <br><br> PRINCE GEORGE'S COUNTY POLICE DEPT., STATE ATTORNEY'S OFFICE OF PRINCE GEORGE'S COUNTY, PRINCE GEORGE'S COUNTY SOCIAL SERVICES, PRINCE GEORGE'S COUNTY DISTRICT COURT, PRINCE GEORGE'S COUNTY CIRCUIT COURT, MARYLAND SUPREME COURT, APPELLATE COURT OF MARYLAND, MARYLAND STATE BAR ASSOC., MAHASIN ELAMIN, JOSHUA SMITH, RACHEL DOMBROWSKI, MARYLAND STATE POLICE DEPT., BOWIE POLICE DEPT., BOWIE STATE UNIVERSITY POLICE DEPT., KELLY HAYES and MAYOR TIM ADAMS <br><br> Defendants. | Civil Action No. 25-249 <br><br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Presently before the Court are *pro se* Plaintiff Ronald Satish Emrit's "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on August 8, 2025. (Docket Nos. 1 and 1-1, respectively). The Complaint initially alleges that Plaintiff is a former United States presidential candidate who requested and did not receive a section 8 housing voucher from the State of Maryland, and that Defendants, as state actors

1

("referred to as 'The Maryland Defendants'"), breached their duty to constituents in failing to provide it. It initially broadly alleges claims for negligence, intentional infliction of emotional distress, civil rights violations, and violations of Constitutional law. There follows a litany of other, rambling charges and causes of action (*e.g.* tortious interference with business relations against all Defendants for failing to employ him "as a disabled professor of entertainment law") as well as additional causes of action allegedly arising from denial of Plaintiff's section 8 housing voucher application (including an injunction).[1] All Defendants are situated in Maryland, Plaintiff expressly asserts jurisdiction and venue (solely) in Maryland, and the Complaint appears silent as to a nexus with the Western District of Pennsylvania. (Docket No. 1-1).

First, based on the information contained in Plaintiff's IFP Application, the Court finds that leave to proceed in this Court without prepayment of fees is warranted and the Court grants Plaintiff's *in forma pauperis* ("IFP") application.[2] Second, the Court recognizes its duty to screen his Complaint, to construe his *pro se* allegations liberally, and to dismiss the case in accordance with applicable standards. *See* 28 U.S.C. § 1915(e)(2); see also *Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties

---

[1] As in Plaintiff's other actions, the Complaint is laced with allegations and references regarding national politics. (Docket No. 1-1). *See, e.g.*, *Emrit v. Special Agent in Charge of FBI*, CV 22-06713 (JXN)(MAH), 2025 WL 758779, at *1 (D.N.J. Mar. 10, 2025). In each of these cases, Plaintiff also asks for a judgment of $80,000.

[2] *See id*. (granting IFP status). *Cf. Camarao v. New Jersey,* CV 25-11980 (GC) (JTQ), 2025 WL 1899655, at *3 (D.N.J. July 9, 2025) (exercising courts' discretion to review merits of complaint before deciding IFP application and noting that court has the authority to dismiss a case at any time) (citing *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019)); *id.*(noting that under 28 U.S.C. § 1915(e)(2), court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously). *See also Schwager v. Norristown State Hosp.,* Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

*Cf. also Sinwell v. Shapp*, 536 F.2d 15, 18–19 (3d Cir. 1976) (recognizing divergence of opinion as to denial of IFP status on ground of frivolity, noting that "since section 1915(d) allows the district court to dismiss the complaint, once filed, as 'frivolous or malicious,' the practical impact . . . may be slight"); *id.* (concluding that as "the commencement or filing of the suit (under section 1915(a)) depends solely on whether the affiant is economically eligible", trial court abused its discretion by basing a decision on leave to proceed IFP on inappropriate factor of venue rather than on economic status).

proceeding *in forma pauperis*).[3] Third, as more fully set forth below, the Court finds that the action is duplicative and, moreover, that venue is improper in this District. Fourth and lastly, as Plaintiff brought a first-filed and pending identical action in the District Court for Maryland (his State of residence), this Court will dismiss his Complaint, without prejudice to Plaintiff's pursuit of his first-filed proceeding.

## II.   DISCUSSION

At the start of the year, this Court observed Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country.[4] The Honorable William S. Stickman of this Court has previously admonished Plaintiff. *Emrit v. Charles Barkley et al.*, Civ. A. No. 2:23-cv-00034-WSS, Docket No. 2 (W.D. Pa. Jan. 18, 2023) (dismissing a duplicative case brought against former NBA player and current broadcaster Charles Barkley and others). And as to this action, the Court finds that Plaintiff – who gives his address of residence as Bowie, Maryland - is pursuing an identical action in the U.S. District Court for the District of Maryland (Greenbelt), filed on August 4, 2025.[5]

---

[3] Plaintiff's Complaint is subject to *sua sponte* dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) under the same legal standards as that for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Emrit v. Special Agent*, 2025 WL 758779 at *2 (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *Cf. supra*, n. 2.

[4] *Emrit v. Elon Musk*, et al., Civ. A. No. 2:25-cv-00061-NBF, Docket No. 2 (W.D. Pa. Jan. 16, 2025) (Memorandum Opinion dismissing duplicative action filed in numerous additional districts and "seeking, among other things, $500,000,000,000 in damages, and injunctive relief as to Defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency"); *Emrit v. Musk*, 25-1221, 2025 WL 1367815, at *1 (3d Cir. May 12, 2025) (affirming dismissal).

[5] *Presidential Candidate Number P60005535 et al. v. Prince George's County Police Dept., et al.*, Civ. A. No. 8:25-cv-02569-TDC.  There is at least one other identical complaint, filed on the same day as the action *sub judice* (August 8, 2025) in the District Court for the Western District of Virginia at Civ. A. No. 5:2025-cv-00081.

In 2023, Plaintiff brought a similar action - addressed primarily to authorities in Hagerstown, Calvert, Prince George's and Queen Anne's counties, Maryland - which was also dismissed. *Cf. Emrit v. Hagerstown Hous. Auth.*, *et al.*, 2023 WL 3073622 (4th Cir. 2023) (affirming dismissal of Plaintiff's action regarding application for section 8 housing).

A.  **The Action Is Duplicative**

It is well-established that courts have broad discretion to manage cases in an effort to avoid wasteful and duplicative litigation. See, e.g., *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976).   As the Court of Appeals for the Third Circuit has observed, dismissal of a claim as duplicative is "an exercise of the Court's inherent power." *Washington v. Gilmore*, 825 F. App'x 58, 60 (3d Cir. 2020) (citing *Colo. River Water, supra*; *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (*en banc*); *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)).

B.  **The Venue Is Improper**

A plaintiff's choice of forum "is a paramount consideration that should not lightly be disturbed";[6] nonetheless, "courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (citing *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993)).   A court which finds venue to be improper may, *sua sponte*, either dismiss the case, or if the interest in justice, transfer the case to a proper district, under section 1406." *Scott v. Bailey*, No. CV2201155KMWMJS, 2022 WL 4104215, at *1 (D.N.J. Sept. 8, 2022) (quoting *Baptiste v. Tapestry, Inc.*, No. 2:18-CV-3275-KM-SCM, 2018 WL 3772678, at *2, 4 (D.N.J. Aug. 9, 2018)).

---

[6] *Ayling v. Travelers Prop. Casualty Corp.*, No. 99-3243, 1999 WL 994403, at *2 (E.D. Pa. Oct. 28, 1999).

As noted above, Plaintiff attempts no colorable argument that venue lies in this District, as indeed it does not. He alleges neither (a) that a Defendant resides nor (b) that events giving rise to his claims occurred within this District.  There is no suggestion that this Court could exercise personal jurisdiction over Defendants; nor are there any facts otherwise alleged in the Complaint that support venue here.

### C. Dismissal Without Prejudice Is Most Appropriate Given Plaintiff's Identical Litigation First Filed in the District of Maryland

"[I]f a court finds that venue is improper, it may, *sua sponte*, either dismiss the case, or if in the interest of justice, transfer the case to a proper district, under section 1406,"[7] provided that district courts considering dismissal of [IFP] complaints for improper venue first "expressly consider whether the interests of justice weigh in favor of transferring Plaintiff's complaint instead of dismissing it." *Baptiste*, 2018 WL 3772678, at \*\*2, 4 (quoting *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013)).[8] Here, dismissal is rendered most appropriate and transfer unnecessary by the pendency of Plaintiff's aforesaid action in the District of Maryland – the venue in which the parties are located and substantial events occurred, and the venue which would be entitled to priority even if this District were a proper forum.[9]

---

[7] Specifically, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." *Cf. Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (internal citations omitted) (explaining that exercise of the court's discretion regarding transfer is an "individualized, case-by-case consideration of convenience and fairness").

[8] Pursuant to 28 U.S.C. § 1406(a), "a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction."  *Camarao*, 2025 WL 1899655, at \*4 (citing *Lafferty v. St. Riel*, 495 F.3d 72, 77-78 (3d Cir. 2007)).

[9] The Federal Rules of Civil Procedure are clear that the parties share the responsibilities with the Court to "secure the just, speedy, and inexpensive determination of every action and proceeding." See e.g., FED. R. CIV. P. 1. The "first-filed" rule "is a comity-based doctrine stating that when duplicative lawsuits are filed successively in two different federal courts, the court where the action was filed first has priority." *Cypress Ins. Co. v. Mickens Transportation Specialists*, No. CV 17-246, 2017 WL 1541892, at \*2 (W.D. Pa. Apr. 28, 2017) (citing *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 220 (3d Cir. 2016) (district court has discretion to transfer matter under first filed rule).

### III. CONCLUSION

For these reasons, Plaintiff's motion to proceed *in forma pauperis* (Docket No. 1) is GRANTED, and his Complaint (Docket No. 1-1) is DISMISSED, without prejudice to his pursuit of the aforesaid identical case filed several days prior in the District of Maryland.   An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date:   August 13, 2025

cc/ecf:  Ronald Satish Emrit
         5108 Cornelias Prospect Drive
         Bowie, MD 20720
         (first class mail)